Stuart D. Hirsch, Esq. (SBN 142641)
1901 Fourth Avenue, Suite 300
San Diego, CA 92101
Tel: 619-394-0332
stuhirsch@hotmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARROLL METAL WORKS, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>ROBIN J. FRANKLIN, an Individual; SLEIGHT CONSULTANTS, INC., a California Corporation; FERNANDO OROPEZA-MUNOZ, an Individual; and FERNANDO OROPEZA, JR, an Individual.<br><br>Defendants. | CASE NO. '21CV1535 TWR BLM<br><br>COMPLAINT FOR:<br><br>(1) COPYRIGHT INFRINGEMENT [17 U.S.C. §§ 106 & 501 et seq.]; AND<br><br>(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT [17 U.S.C. §§ 106 & 501 et seq.].<br><br>JURY TRIAL DEMANDED |

Plaintiff, CARROLL METAL WORKS, INC., through its undersigned lawyers, brings this action against ROBIN J. FRANKLIN, an individual; SLEIGHT CONSULTANTS, INC., a California corporation; FERNANDO OROPEZA-MUNOZ, an individual; and FERNANDO OROPEZA, JR, an individual, and alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff Carroll Metal Works, Inc. ("Plaintiff" or "CMW") is a prominent steel fabricator and installer in San Diego County. CMW created a set of universal plans for the fabrication of single story spiral stairways (**Exhibit 1**), and another for

two story spiral stairways (**Exhibit 2**) (collectively the "Master Plans"). CMW went through process to have the two sets of Master Plans evaluated and approved by the City of San Diego. After being approved, a steel fabricator such as CMW is entitled to use the Master Plans to fabricate and install the subject spiral stairways without further structural review of the plans by the municipality. Having an approved master plan saves anyone applying for a building permit a substantial amount of time and cost.

2. In order to protect its intellectual property, CMW processed and ultimately procured copyrights for its single story spiral stair master plan (the "One Story Spiral Stair Master Plan," **Exhibit 3**) and another for the two-story spiral stair master plan (the "Two Story Spiral Stair Master Plan," **Exhibit 4**). CMW has filed this action against ROBIN J. FRANKLIN ("Franklin"), the architect or designer; SLEIGHT CONSULTANTS, INC. ("Sleight"), the general contractor; and the steel fabricators and installers FERNANDO OROPEZA-MUNOZ dba North County Iron and his son FERNANDO OROPEZA JR. (collectively the "Oropezas"). This lawsuit alleges causes of action for willful copyright infringement and contributory infringement of the Two Story Spiral Stair Master Plan in violation of 17 U.S.C. §§ 106 and 501 for the plans for two separate construction projects. CMW seeks injunctive relief, compensatory and/or statutory damages in an amount to be proven at trial, as well as costs and attorneys' fees.

**JURISDICTION AND VENUE**

3. This is a civil action seeking statutory damages, compensatory damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

4. This Court has Federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

5. This Court has personal jurisdiction over the corporate defendant Sleight because that defendant is organized and doing business under the laws of the State of

Complaint

California. Sleight is doing business as a general contractor in San Diego County.

6. This Court has personal jurisdiction over the individual defendants, Franklin and the Oropezas because those defendants are residents and citizens of the State of California who were doing business under the laws of the State of California and who committed the acts complained of within the County of San Diego.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(a) as this is the judicial district in which corporate defendant Sleight has its principal place of business and a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

8. Plaintiff CMW is a California corporation duly organized and doing business under the laws of the State of California. CMW is a licensed contractor duly licensed by the California Contractors State License Board as a C-51 Structural Steel Contractor who fabricates or manufactures and installs steel products such as the spiral stairways involved in this lawsuit. CMW is also the owner of various copyrights, described above, one of which (**Exhibit 4**) the defendants have wrongfully been using, which is the subject of this lawsuit.

9. Defendant Franklin does business as a professional building designer in the State of California with a principal place of business in San Diego County. Defendant Franklin wilfully infringed the copyrights by using a copy of one of the Master Plans in the set of permitted plans for each of two separate projects as further described below.

10. Defendant Sleight is a California corporation organized and doing business under the laws of the State of California. Defendant Sleight is a licensed contractor licensed by the California Contractors State License Board who was the general contractor who wilfully infringed the copyrights by using one of them as the permitted stairway plan during the construction of the two projects.

11. Defendant Fernando Oropeza-Munoz is licensed as "sole owner" who

does business as a C-21 Ornamental Metal Contractor. Fernando Oropeza Jr. was the metal fabricator and installer for his father who fabricated and installed the spiral stairways at the two projects involved in this lawsuit.

## THE COPYRIGHTS

12. CMW specializes in the design, fabrication and installation of steel spiral stairways and is one of the largest and most well-respected structural steel fabricators in Southern California. In 2011, CMW developed universal structural plans for the design, fabrication and installation of a one story spiral stairway and another for a two story spiral stairway. CMW developed each set of plans independently and without reference to a particular client, building or project.

13. In early 2017, CMW submitted the two sets of plans to the City of San Diego to have them approved for use as universal master plans capable of being used on multiple projects without further structural review on each project. Once the master plan designation is approved, the Master Plans involved in this case could be used when seeking permits for a project without additional independent structural review. The spiral stairways could then be fabricated and installed on a project in accordance with those Master Plans.

14. On March 9, 2017, the City of San Diego approved the one and two story spiral stair plans developed by CMW, designating each as a "master plan" for the purpose of permitting and building in the City.

15. On March 14, 2018, CMW applied to for a registration with the United States Copyright Office for visual material titled "One Story Spiral Stair Master Plan." CMW was ultimately issued a Certificate of Registration, with an effective date of registration of March 14, 2018, registering the One Story Spiral Stair Master Plan as a copyrighted work under Registration Number VA 2-127-703. A true and correct copy of the certificate for Registration Number VA 2-127-703 is attached as **Exhibit 3**.

16. On March 14, 2018, CMW also applied to for a registration with the

-4-

United States Copyright Office for visual material titled "Two Story Spiral Stair Master Plan." CMW was ultimately issued a Certificate of Registration, with an effective date of registration of March 14, 2018, registering the Two Story Spiral Stair Master Plan as a copyrighted work under Registration Number VA 2-127-702. A true and correct copy of the certificate for Registration Number VA 2-127-702 is attached as **Exhibit 4**. Defendants infringed that copyright in relation to the projects described below by using them for the permitted plans for each project.

## THE INFRINGEMENTS

17. During late 2018, Franklin contacted CMW in relation to an unrelated building project. Mr. Franklin was informed the CMW plans were copyrighted and they could only be used for a particular project approved by CMW. CMW also explained it needed to have a specific address to put on any of the Master Plans to ensure it was only used on that project. Mr. Franklin was also specifically informed CMW charges $1,000 deposit for a copy of one of the Master Plans, before it was used, to cut down on the fraudulent use of the plans on building projects.

18. In February of 2019, Franklin contacted CMW and asked permission to use one of the Master Plans at another address. CMW did not respond to that request and no permission was provided to use the Master Plans at either location described below.

19. According to public records, on December 16, 2019, Defendant Franklin applied for a permit to build a project at 183 and 185 Evergreen Avenue in Imperial Beach (the "Banning Project"). Again according to public records, the permit to build the Banning Project was issued May 7, 2020. The permitted set of plans included a copy of the copyrighted Two Story Spiral Stair Master Plan which even bore the water mark "For Fabrication Only By Carroll Metal Works." (**Exhibit 5**.) Defendant Sleight was the general contractor and the Oropezas were the metal fabricators and installers on the Banning Project. During the actual construction of that Banning Project, the defendants used the copyrighted Two Story Spiral Stair

1 | Master Plan without permission, wilfully infringing CMW's copyright.

2 |     20. According to public records, on February 18, 2020, Defendant Franklin applied for a permit to build a project at 1142 Imperial Beach Boulevard in Imperial Beach (the "Farella Project"). Again according to public records, the permit to build the Farella Project was issued June 29, 2020. The permitted set of plans included a copy of the copyrighted Two Story Spiral Stair Master Plan which also even bore the water mark "For Fabrication Only By Carroll Metal Works." (**Exhibit 6**.) Defendant Sleight was the general contractor and the Oropezas were the metal fabricators and installers on the Farella Project. During the actual construction of that Farella Project, the defendants were using the copyrighted Two Story Master Plan without permission, wilfully infringing CMW's copyright.

    21. The CMW Two Story Spiral Stair Master Plan was never substituted during construction, fabrication or installation of the spiral stairways at either project. Only after they were contacted by the lawyer in the case, after the stairways were fabricated and installed, CMW has been informed the defendants hired an engineer and submitted different plans on the projects. At that time, in a series of applications signed May 25, 2021, the Oropezas falsely claimed under penalty of perjury that the fabrication of the spiral stairways at issue would commence May 15, 2021. In reality, the subject stairways had been completed and installed long before.

    22. Defendants infringed the Master Plans for their own commercial advantage and to avoid going to the expense of hiring an engineer, creating their own plan and having it approved by the City. Defendants sought to profit and have profited from infringement upon the copyrighted Master Plans, with the intention of not paying CMW to fabricate the stairways or even for a license to use the copyrighted Two Story Spiral Stair Master Plan.

    23. At all times, Defendants acted knowingly and wilfully to infringe upon CMW's copyrighted Two Story Spiral Stair Master Plan. Defendants never had a good faith belief that they were permitted by CMW to use the copyrighted Two Story

-6-

Complaint

Spiral Stair Master Plan.

## FIRST CLAIM FOR RELIEF

*Direct Copyright Infringement [17 U.S.C. §§ 106 & 501 et seq.]*

(Against All Defendants)

24.  Plaintiff re-alleges and incorporates by this reference paragraphs 1-23 of this Complaint.

25.  Plaintiff owns and has registered with the Two Story Spiral Stair Master Plan with the United States Copyright Office as demonstrated by the attached registrations (**Exhibit 4**). CMW's Two Story Spiral Stair Master Plan was copyrightable subject matter under the laws of the United States. CMW has complied in all respects with the Copyright Act and all the laws of the United States governing copyrights

26.  Since its creation, the above referenced copyrighted Master Plan was intended for use only by CMW or those specifically authorized by CMW. Copies of the copyrighted master plans in printed form appear with a notice reflecting CMW is the author and owner thereof. In this regard, across the bottom of the infringing plans it states: "This Master Plan is a Copyrighted Document and is Only for Use With the Written Permission of Carroll Metal Works, Inc." and "Copyright 2017 Carroll Metal Works, Inc." Additionally, across the face from corner to corner the infringing plans state: "For Fabrication Only By Carroll Metals Works."

27.  Defendants submitted an unauthorized reproduction of the copyrighted Two Story Spiral Stair Master Plan to secure the building permits for the Banning project and the Farella project, thereby infringing upon CMW's copyrights. Thereafter, Defendants completed construction, fabrication and installation of the projects without replacing the infringing Mater Plan and without CMW's authorization. Defendants have knowingly and willfully infringed CMW's registered copyrights by copying, reproducing, fabricating, building, installing, or utilizing CMW's copyrighted Master Plan for the purpose of trade, all in violation of

17 U.S.C. sections 106 & 501, et seq.

28. Defendants' willfulness is demonstrated by the fact that, after seeking and not receiving permission, Defendant Franklin still used the Master Plan without authorization. Throughout construction, the permitted spiral stairway plan was CMW's copyrighted plan which specifically, boldly proclaimed it was only to be fabricated by CMW. Defendant Sleight sought a bid from CMW and then hired the Oropezas, presumably at a substantially lower rate, to build on a plan labeled "For Fabrication Only By Carroll Metal Works." The Oropezas fabricated and installed stairways with those copyrighted plans as the permitted set, without hiring an engineer or substituting a different plan. After they were caught wilfully infringing, the Oropezas filed false applications for permission to fabricate long after fabrication and even the installation had already occurred.

29. Defendants each gained substantial amounts of money building with the permitted plans with actual or constructive knowledge of CMW's rights such that said acts of infringement were willful. CMW is entitled to have such improper profits disgorged and instead paid to CMW.

30. Defendant's infringing actions have also caused substantial injury to CMW in the form of lost profits, and as a result CMW has suffered damages which are recoverable from the defendants.

31. The wrongful acts of the Defendants have caused, and are causing, great injury to CMW, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, CMW will suffer irreparable injury, for all of which it is without an adequate remedy at law. CMW is entitled to a permanent injunction requiring the defendants to substitute other plans in the public records and prohibiting Defendants' future infringement of CMW's exclusive rights under copyright law.

32. By reason of Defendants' willful copyright infringement, CMW has suffered and will continue to suffer substantial damages to its business in the form of

diversion of trade, loss of profits, injury to goodwill and reputation and the dilution of the value of its rights. CMW is entitled to recover its actual damages from Defendants' illegal and improper uses of the Copyrighted Master Plans, in an amount to be proven at trial, pursuant to 17 U.S.C. section 504, subd. (b). In addition, CMW is entitled to recover damages based on the disgorgement of Defendants' profits resulting from their infringement of the Copyrighted Master Plans, in an amount to be proven at trial, pursuant to 17 U.S.C. section 504, subd. (b).

33. Alternatively, at CMW's election, CMW is entitled to enhanced statutory damages for wilful infringement pursuant to 17 U.S.C. section 504 subd. (c), up to the maximum amount of $150,000 with respect to each infringing reproduction, distribution, fabrication, and installation of the copyrighted Master Plans, or such other amounts as may be proper under 17 U.S.C. section 504, subd. (c).

34. CMW has incurred and will continue to incur substantial attorney's fees and costs to which it is entitled from Defendants pursuant to 17 U.S.C. section 505.

## SECOND CLAIM FOR RELIEF

*Contributory Copyright Infringement [17 U.S.C. §§ 106 & 501 et seq.]*

(Against Defendants Sleight and The Oropezas)

35. Plaintiff re-alleges and incorporates by this reference paragraphs 1-33 of this Complaint, as if the were set forth in full in support of this claim.

36. Defendants Sleight and the Oropezas conspired to infringe or contributed to the infringement of CMW's copyrighted Master Plans. They knew, or should have known, of the infringing activity and induced, caused, or materially contributed to the infringing conduct of the other defendants. As contractors on the projects, Sleight and the Oropezas were required to examine and build in accordance with the permitted set of plans which plans included unauthorized reproduction of CMW's copyrighted Two Story Spiral Stair Master Plan registered with the United States Copyright Office (**Exhibit 4**). The copies of the copyrighted master plans infringed in this case appear with notices stating: "This Master Plan is a Copyrighted

Document and is Only for Use With the Written Permission of Carroll Metal Works, Inc."; "Copyright 2017 Carroll Metal Works, Inc."; and "For Fabrication Only By Carroll Metals Works." CMW's Two Story Spiral Stair Master Plan was the proper subject for a copyright under the laws of the United States. CMW has complied with the Copyright Act and the laws of the United States governing copyrights.

37. Defendants Sleight and the Oropezas completed construction, fabrication and installation of the projects without replacing the infringing Mater Plan and without CMW's authorization. Defendants have knowingly and willfully infringed CMW's registered copyrights by copying, reproducing, fabricating, building, installing, or utilizing CMW's copyrighted Master Plan for the purpose of trade, all in violation of 17 U.S.C. §§106 & 501, et seq.

38. The willfulness is demonstrated by the fact that, throughout construction, the permitted spiral stairway plan was CMW's copyrighted plan which specifically, boldly proclaimed it was only to be fabricated by CMW. After contacting CMW, defendant Sleight sought a bid from the Oropezas, presumably at a substantially lower rate, to build on permitted plans labeled "For Fabrication Only By Carroll Metal Works." The Oropezas then fabricated and installed with those CMW copyrighted plans in place as the permitted set, without hiring an engineer or substituting a different plan. After they were caught wilfully infringing, the Oropezas falsified applications for permission to fabricate, long after fabrication and even the installation had already occurred.

39. Defendants each gained substantial amounts of money building with the permitted plans with actual or constructive knowledge of CMW's rights such that said acts of infringement were willful. CMW is entitled to have such improper profits disgorged and instead paid to CMW.

40. Defendant's infringing actions have also caused substantial injury to CMW in the form of lost profits, and as a result CMW has suffered damages which are recoverable from the defendants.

Complaint

41. The wrongful acts of the Defendants have caused, and are causing, great injury to CMW, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, CMW will suffer irreparable injury, for all of which it is without an adequate remedy at law. CMW is entitled to a permanent injunction requiring the defendants to substitute other plans in the public records and prohibiting Defendants' future infringement of CMW's exclusive rights under copyright law.

42. By reason of Defendants' willful copyright infringement, CMW has suffered and will continue to suffer substantial damages to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation and the dilution of the value of its rights. CMW is entitled to recover its actual damages from Defendants' illegal and improper uses of the Copyrighted Master Plans, in an amount to be proven at trial, pursuant to 17 U.S.C. §504(b). In addition, CMW is entitled to recover damages based on the disgorgement of Defendants' profits resulting from their infringement of the Copyrighted Master Plans, in an amount to be proven at trial, pursuant to 17 U.S.C. §504(b).

43. In the alternative, and at CMW's election, CMW is entitled to enhanced statutory damages for wilful infringement pursuant to 17 U.S.C. §504(c), up to the maximum amount of $150,000 with respect to each infringing reproduction, distribution, fabrication, and installation of the copyrighted Master Plans, or such other amounts as may be proper under 17 U.S.C. §504(c).

44. CMW has incurred and will continue to incur substantial attorney's fees and costs to which it is entitled from Defendants pursuant to 17 U.S.C. §505.

**PRAYER FOR RELIEF**

Wherefore, CMW prays for judgment against Defendants as follows:

A. That the defendants be required to identify all of the projects where they have used either of CMW's copyrighted Master Plans, whether or not mentioned above, and that each of the defendants and their agents and employees be enjoined in

the future from infringing on the subject copyrighted Master Plans;

  B. That the defendants be ordered to account to CMW for their profits arising from each of the defendant's use of either of CMW's copyrighted Master Plans;

  C. That the defendants' profits from each project where infringing plans were used, whether or not specified above, be ordered disgorged and that CMW be awarded all of each defendant's profits from the infringement, the amount of which will be proven at the time of trial;

  D. That CMW be awarded any actual damages or lost profits caused by the infringement, together with any additional profits of the infringer or other damages recoverable for copyright infringement pursuant to 17 U.S.C. §504(b) in amounts to be determined at trial.

  E. That, at its election, CMW be awarded increased or enhanced statutory damages as a result of the willful nature of the acts alleged in an amount determined by the Court up to the maximum of $150,000,00 per infringement pursuant to 17 U.S.C. §504(c);

  F. That CMW be awarded pre-judgment interest as allowed by law;

  G. That CMW be awarded attorney's fees and the costs incurred in prosecution of this action pursuant to 17 U.S.C. §505; and

  H. That CMW be awarded such further legal and equitable relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff CMW hereby demands a trial by Jury for all of its claims where a jury trial is available.

Dated: August 30, 2021        Respectfully Submitted,

                 By: /s/ Stuart D. Hirsch
                    Stuart D. Hirsch
                  Attorneys for Plaintiff,
                  Carroll Metal Works, Inc.

Complaint